**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4606

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVON HAMMOND,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:21-cr-00262-PX-1)

Submitted:  May 1, 2024                                     Decided:  July 11, 2024

Before GREGORY, HARRIS, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Vincent A. Jankoski, VINCENT A. JANKOSKI, ESQ., Silver Spring, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Jefferson M. Gray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davon Hammond appeals his conviction after pleading guilty to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g), and assault resulting in substantial bodily injury to an intimate partner within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(7).  On appeal, he contends that his lack of understanding of the nature of the charges rendered his waiver of the right to counsel invalid; his guilty plea was unknowing and involuntary; and the district court erred in denying his motion to withdraw his guilty plea.  We affirm.

"'The Sixth Amendment guarantees to a criminal defendant the right to the assistance of counsel before he can be convicted and punished by a term of imprisonment.'" *United States v. Ziegler*, 1 F.4th 219, 226 (4th Cir. 2021).  "But, 'it is equally clear that the Sixth Amendment also protects a defendant's affirmative right to self-representation.'" *Id*.; *see Faretta v. California*, 422 U.S. 806, 819-20 (1975).  Given the district court's "superior position to observe and understand," we accord the court "considerable discretion" as it navigates "a thin line between improperly allowing the defendant to proceed pro se, thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation."  *Ziegler*, 1 F.4th at 226, 235 (internal quotation marks omitted); *United States v. Ductan*, 800 F.3d 642, 649 (4th Cir. 2015).

"A defendant 'may waive the right to counsel and proceed at trial pro se only if the waiver is (1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely.'" *Ziegler*, 1 F.4th at 226 (quoting *United States v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013)).  The defendant must also be mentally competent, but "[a]ll that is required is

2

the competence to waive the right to counsel—not the competence to effectively represent oneself." *Id*. at 227. Thus, "a court may constitutionally permit a defendant to represent himself so long as he is competent to stand trial." *Bernard*, 708 F.3d at 590.

We review the legal question of whether the defendant waived his right to counsel de novo. *Ziegler*, 1 F.4th at 227. "'[W]hether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" *Id*. "[A] district court must find that the defendant's background, appreciation of the charges against him and their potential penalties, and understanding of the advantages and disadvantages of self-representation support the conclusion that his waiver of counsel is knowing and intelligent." *Ductan*, 800 F.3d at 649. "We 'review the sufficiency of a waiver of the right to counsel by evaluating the complete profile of the defendant and the circumstances of his decision as known to the trial court at the time,' by 'examining the record as a whole.'" *United States v. Bush*, 404 F.3d 263, 270 (4th Cir. 2005).

"[T]o be constitutionally valid, a plea of guilty must be knowingly and voluntarily made." *United States v. Paylor*, 88 F.4th 553, 560 (4th Cir. 2023) (internal quotation marks omitted). Rule 11 of the Federal Rules of Criminal Procedure "outlines the requirements for a district court plea colloquy, designed to ensure that a defendant 'understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant.'" *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023) (quoting *United States v. Vonn*, 535 U.S. 55, 62 (2002)). "The district court must also 'determine that the plea is voluntary and that there is a factual basis for the plea.'" *United States v. Taylor-Saunders*, 88 F.4th

3

516, 522 (4th Cir. 2023). "'In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established.'" *Id*.

"Accordingly, a properly conducted Rule 11 colloquy raises 'a strong presumption that the plea is final and binding.'" *Id*. "A defendant has 'no absolute right to withdraw a guilty plea,' and the district court has discretion to determine whether there exists 'a fair and just reason for withdrawal.'" *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019). "[T]he defendant has the burden of showing a fair and just reason for withdrawal." *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). We have articulated a list of factors for consideration in determining whether a defendant has met his burden:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

*Id*. (citing *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)). "'The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted.'" *United States v. Nicholson*, 676 F.3d 376, 384 (4th Cir. 2012). We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *Id*. at 383. "'A district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises.'" *Id*.

Hammond first contends that his waiver of the Sixth Amendment right to counsel was not knowing, intelligent, and voluntary, because he did not understand the nature of

4

the charges.  He also contends the district court erred in permitting him to represent himself, but he does not assert he was not competent to stand trial.  We have reviewed the record and conclude that Hammond's waiver of the right to counsel was knowing, intelligent, and voluntary; and the district court did not err in permitting him to represent himself.

Hammond next contends the district court erred in accepting his guilty plea, and his plea was not knowing and voluntary, because it did not determine that he understood the nature of the charges against him in violation of Fed. R. Crim. P. 11(b)(1)(G).  We have reviewed the record and conclude that the district court complied with Rule 11, and it did not err in finding that Hammond knowingly and voluntarily entered his guilty plea.

Finally, Hammond contends that the district court erred in denying his motion to withdraw his guilty plea.  We have reviewed the record and conclude that the district court did not abuse its discretion in denying Hammond's motion to withdraw his guilty plea after fully considering the record, Hammond's arguments, and the *Moore* factors.  The district court did not act in an arbitrary manner, fail to consider any judicially-recognized factors limiting its discretion, or rely on any erroneous factual or legal premises.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*